OPINION
 STATEMENT OF THE FACTS AND CASE
Appellant insured a newly purchased, used 1986 Subaru GL Station Wagon with four wheel drive with State Farm Insurance Company. The vehicle was purchased for $443.00 and at the time appellant purchased the vehicle, the vehicle had 160,000 miles. At the time that appellant applied for insurance, appellant identified pre-existing damage to the Subaru's front end and hood. Three months later, appellant, while driving her Subaru, struck a deer causing property damage. Appellant presented estimates of $1312.24 and $1488.17 for the repairs. The estimates did not differentiate between damage caused by the deer or the pre-existing damage. State Farm offered to settle the claim for $681.91. Appellant offered to settle the claim for $1,000.00 and State Farm refused. Appellant brought suit against State Farm Insurance Company, alleging bad faith and breach of the insurance contract regarding the damage to the Subaru and for pain and permanent bodily injury. The Ashland County Common Pleas Court granted partial Summary Judgment as to plaintiff's claims for bad faith, punitive damages and that portion of the claim for breach of contract which sought recovery for pain and permanent bodily injury. The remaining portion of the breach of contract claim was dismissed with prejudice pursuant to a stipulated notice of dismissal, filed July 2, 1999. Appellant appeals assigning a single assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE DEFENDANT SUMMARY JUDGMENT WHEN THERE WAS A DISPUTED ISSUE OF MATERIAL FACT.
Appellant alleges that appellee acted in bad faith by failing to pay the amount demanded, $1,000.00, and offering only $681.91. "Summary judgment is appropriately granted to the defendant on a claim of bad faith where the record is void of any evidence tending to show a lack of good faith on the part of the defendant." Foster v. State Auto Insurance Company (April 29, 1998), Summit App. No. 18592, unreported, 1998 WL 208842 (citing Labate v. Natl. City Cop. (1996), 113 Ohio App.3d 182, 190,680 N.E.2d 693). A dispute as to the value of a claim does not in and of itself constitute bad faith. Id. Although there may be a genuine dispute as to the exact amount of the damage to the vehicle, there is no genuine dispute as to the material fact in this case, i.e. bad faith conduct by the insurance company. In this case, there is no evidence indicating that State Farm ever denied the claim for medical payments or property damage. Plaintiff does not dispute that State Farm has in fact made medical payments and tendered a check for what it has estimated to be the damage to appellant's vehicle. The trial court correctly determined that the evidence before the court, when construed most favorably to appellant, failed to demonstrate bad faith of the insurance company as a matter of law. Upon our independent review of the supplications upon summary judgment we conclude, as did the trial court, that reasonable minds can come to but one conclusion and that conclusion is adverse to the Plaintiff. Regarding the claim for punitive damages, we agree with the trial court that there is no evidence of bad faith, oppression, fraud, or malice. Without such evidence, summary judgment was appropriately granted to State Farm as to appellant's claim for punitive damages. See Motorists Mutual Insurance Co. v. Said (1992), 63 Ohio St.3d 690,590 N.E.2d 1228. Appellant conceded that she was not entitled to recover for pain and suffering and permanent bodily injury under her policy, arising from her collision with a deer.
Therefore, summary judgment was appropriate in respect to that portion of appellant's claim for breach of contract.
Milligan, J., and Edwards, J. concurs